1  CHERYL D. ORR (SBN 143196)
   cheryl.orr@dbr.com
2  JAIME D. WALTER (SBN 281066)
   jaime.walter@dbr.com
3  DRINKER BIDDLE & REATH LLP
   50 Fremont Street, 20th Floor
4  San Francisco, CA  94105-2235
   Telephone:    (415) 591-7500
5  Facsimile:    (415) 591-7510
6  Attorneys for Defendant
   URBAN OUTFITTERS, INC.
7

FILED
CLERK, U.S. DISTRICT COURT

MAR 2 4 2014

CENTRAL DISTRICT OF CALIFORNIA
BY

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    WESTERN DIVISION

11                              CV14-2245 DSF RZX

12  ZAYDA SANTIZO, individually and on      Case No. _____
    behalf of other persons similarly situated,
13                                           NOTICE OF REMOVAL AND REMOVAL
                   Plaintiff,                OF ACTION TO FEDERAL COURT
14                                           UNDER 28 U.S.C. § 1332(d)
    v.
15
    URBAN OUTFITTERS, INC.,
16        and DOES 1 — 50,

17
                   Defendants.
18

19

20  TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE CENTRAL

21  DISTRICT OF CALIFORNIA:

22         PLEASE TAKE NOTICE that defendant URBAN OUTFITTERS, INC. ("Defendant"),

23  submits this notice of removal pursuant to 28 U.S.C. §§ 1332(d) (the Class Action Fairness Act),

24  1441, and 1453 to effect the removal of the above-entitled action from the Superior Court of the

25  State of California, County of Los Angeles, to the United States District Court for the Central

26  District of California.

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF REMOVAL AND REMOVAL OF
ACTION TO FEDERAL COURT

# I.

## BACKGROUND

1. On February 14, 2014, plaintiff Zayda Santizo ("Plaintiff"), individually and on behalf of other persons similarly situated, filed a complaint against Defendant entitled "*Zayda Santizo, individually and on behalf of other persons similarly situated v. Urban Outfitters, Inc., and Does 1-5.*" in the Superior Court of California, for the County of Los Angeles, Case No. BC-536316 (hereinafter, the "Complaint").

2. Plaintiff and the members of the putative class she seeks to represent are current and/or former non-exempt employees who were paid on an hourly basis and who worked at Urban Outfitters retail locations within California. The Complaint alleges six causes of action: (1) violation of California Labor Code §§ 1194, 1194.2, and 1197 (failure to pay minimum wages); (2) violation of California Labor Code §§ 510 and 1194 (failure to pay overtime wages); (3) violation of California Labor Code §§ 204 and 218, *et seq.* (failure to all pay wages earned each period); (4) violation of California Labor Code §§ 201, 202, 203, 218, *et seq.*, and California Civil Code § 3287(a) (failure to pay wages timely upon cessation of employment); (5) violation of California Labor Code §§ 226, 218, *et seq.*, and California Civil Code § 3287(a) (non-compliant wage statements); and (6) violation of California Business and Professions Code § 17200, *et seq.*

3. On March 21, 2014, Defendant filed Defendant Urban Outfitters, Inc.'s Answer to Complaint for Damages ("Answer").

4. True and correct copies of Plaintiff's Complaint and Defendant's Answer are attached hereto as Exhibit A. The allegations in the Complaint are incorporated for reference in this notice of removal but are not admitted.

5. No other proceedings have occurred in this action.

# II.

## TIMELINESS OF REMOVAL

6. Defendant was served with the summons and Complaint through personal service on Corporation Service Company on February 20, 2014. As such, this notice of removal is timely

1   as it is filed within 30 days of the receipt of the summons and Complaint.  28 U.S.C. § 1446(b).

2   **III.**

3   **VENUE**

4       7.     The Central District of California, Western Division embraces the County of Los

5   Angeles, where the action was pending prior to the filing of this Notice of Removal.  Accordingly,

6   venue is proper in the U.S. District Court for the Central District of California, Western Division.

7   28 U.S.C. § 1441(a); C.D. Cal. General Order 349.

8   **IV.**

9   **JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

10       8.     Defendant removes this action pursuant to 28 U.S.C. § 1332(d), the Class Action

11   Fairness Act of 2005 ("CAFA").  CAFA provides the federal district courts with original

12   jurisdiction over civil class action lawsuits filed under federal or state law in which any member

13   of a class of plaintiffs is a citizen of a state different from any defendant and where the matter in

14   controversy exceeds $5 million exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).  The

15   exceptions set forth in 28 U.S.C. § 1332(d)(3)–(5) are not applicable here.

16       9.     This action was initially brought pursuant to California Code of Civil Procedure

17   § 382 on behalf of a putative class (Complaint ¶ 20-21), the size of which is unknown to Plaintiff

18   (*id.* ¶ 22), but which Plaintiff believes consists of no less than 400 persons.  Plaintiff claims the

19   size is so numerous that the individual joinder of all members is impracticable. *Id.*

20       10.    This Court has original jurisdiction over the case under 28 U.S.C. § 1332(d)(2)

21   because the case is filed as a civil class action, the proposed class contains at least 100 members,

22   the amount in controversy exceeds $5 million exclusive of interest and costs, and at least one

23   member (if not all) of the class of plaintiffs is a citizen of a state different from that of Defendant.

24   A.    **DIVERSITY OF CITIZENSHIP EXISTS AMONG THE PARTIES**

25       11.    Pursuant to 28 U.S.C. § 1453(b), "A class action may be removed to a district

26   court of the United States in accordance with section 1446 (except that the 1-year limitation under

27   section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the

28   State in which the action is brought, except that such action may be removed by any defendant

NOTICE OF REMOVAL AND REMOVAL OF
ACTION TO FEDERAL COURT    - 2 -

1   without the consent of all defendants." CAFA's diversity requirement is satisfied when any

2   member of a class of citizens is a citizen of a state different from that of any other defendant. 28

3   U.S.C. § 1332(d)(2).

4        12.   Defendant is informed and believes that Plaintiff Zayda Santizo has been a citizen

5   of Los Angeles County, California, at all times relevant to this matter. Plaintiff's Complaint

6   states that she is a California resident and, at all relevant times, "Plaintiff was employed… on an

7   hourly basis… at one of Defendant's location [sic] in Los Angeles County, California."

8   Complaint ¶ 6. Based on payroll and human resources records maintained by Defendant, Plaintiff

9   worked at only one Urban Outfitters store: the Urban Outfitters store located at 1440 Third Street

10  Promenade, Santa Monica, CA 90401. Declaration of Catherine Green in Support of Notice of

11  Removal and Removal Under 28 U.S.C. § 1332(d) ("Green Decl.") ¶ 4. According to these

12  records, Plaintiff's only listed address was P.O. Box 2313, Hawthorne, CA 90251. *Id.* Based on

13  publicly available information and records, Plaintiff resides in Los Angeles County at 12359 Gale

14  Ave., Apartment A, Hawthorn, California 90250 at the time she filed her Complaint, and has

15  resided in California since at least 2008. *See* Ex. 1 (LexisNexis Public Records Report) to Green

16  Decl. Based on these facts, Plaintiff's state of domicile is California, and Plaintiff is, accordingly,

17  a citizen of California. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir.

18  1983) (providing that, for diversity purposes, a person is a citizen of the state in which he or she is

19  domiciled).

20       13.   Plaintiff proposes three classes consisting of (1) "[a]ll current and former hourly

21  paid employees of Urban Outfitters, Inc. in California at any time beginning four years prior to

22  the filing of the Complaint through the date notice is mailed to the class" ("Unpaid Wages Class");

23  "[a]ll former hourly paid employees of Urban Outfitters, Inc. in California whose employment by

24  Urban Outfitters, Inc. ended within three years of the filing of the Complaint" ("Waiting Time

25  Penalty Class"); and (3) "[a]ll current and former hourly employees of Urban Outfitters, Inc.

26  whose employment with Urban Outfitters, Inc. included any period of time during the period

27  beginning one year from the date of the filing of this action through the date notice is mailed to

28  the Class" ("Paystub Class"). Complaint ¶ 20.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF REMOVAL AND REMOVAL OF
ACTION TO FEDERAL COURT

- 3 -

14.     A corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). Defendant is—and was at the time the Complaint was filed—incorporated in the Commonwealth of Pennsylvania, with its principal place of business at 5000 S. Broad Street, Philadelphia, Pennsylvania.  Green Decl. at ¶ 2; *see also* Urban Outfitters, Inc., Securities and Exchange Commission Form 8-K filed March 10, 2014 (listing Pennsylvania as both the state of incorporation and the location of the company's principal executive offices), *available at* http://www.sec.gov/Archives/edgar/data/912615/000119312514093584/d691625d8k.htm (last visited March 19, 2014).  Thus, Defendant is a citizen of Pennsylvania.

15.     The citizenship of fictitious defendants is disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  28 U.S.C. § 1441(b)(1).

16.     Here, diversity of citizenship is met because Plaintiff and at least some, if not all of the putative class members are citizens of California while Defendant is a citizen of Pennsylvania. *See* 28 U.S.C. § 1332(d)(2)(A).

**B.    THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION**

17.     The Complaint is silent as to the total amount of monetary relief sought.  The failure of Plaintiff to specify the total amount of monetary relief sought, however, does not deprive this Court of jurisdiction nor bar removal.  *See Levine v. BIC USA, Inc.*, No. 07cv1096-LAB (RBB), 2007 U.S. Dist. LEXIS 60952, at *7-8 (C.D. Cal. Aug. 19, 2007).

**1.  A Preponderance-of-the-Evidence Standard Applies**

18.     A preponderance-of-the-evidence standard applies when assessing whether the amount in controversy exceeds $5 million. *Rodriguez v. AT&T Mobility Services LLC*, No. 13-56149, 2013 WL 4516757, *7 (9th Cir. Aug. 27, 2013); *see also, Rea v. Michaels Stores Inc.*, No. 14–55008, 2014 WL 607322, *3-4 (9th Cir. Feb. 18, 2014) (reversing order remanding action and reaffirming an earlier Ninth Circuit holding that a preponderance of the evidence standard—and not the more burdensome legal certainty standard—applies to CAFA removals).  The preponderance-of-the-evidence standard means only that a defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy is met. *Sanchez v.*

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF REMOVAL AND REMOVAL OF
ACTION TO FEDERAL COURT          - 4 -

1    *Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). This standard is not "daunting,"

2    and courts recognize that a removing defendant is not obligated to "research, state, and prove the

3    plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199 (E.D.

4    Cal. 2008) (*citing McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky 1994)). In measuring the

5    amount in controversy, the ultimate inquiry is what amount is put "in controversy" by the

6    plaintiff's complaint, not what a defendant will actually owe. *Id.*

7          **2. The Amount in Controversy Exceeds $5 Million**

8         19.      Without admitting any allegations in the Complaint and without conceding that

9    Plaintiff's definition of the putative class is proper, that class certification is appropriate, or that

10    Plaintiff's application of various statutes of limitations is appropriate, Defendant states that

11    Plaintiff has alleged claims that place an amount in excess of $5 million in controversy. The

12    assertions of Defendant herein are limited to its preliminary understanding of Plaintiff's claims

13    and data currently available to Defendant.

14         20.      According to Plaintiff, the size of the putative class is so numerous that the

15    individual joinder of all members is impracticable. Complaint ¶ 22. Plaintiff estimates that there

16    are no less than 400 persons in the Unpaid Wages Class and no less than 200 persons in the

17    Waiting Time Penalty and Paystub Classes. *Id.* Plaintiff proposes three classes consisting of (1)

18    "[a]ll current and former hourly paid employees of Urban Outfitters, Inc. in California at any time

19    beginning four years prior to the filing of the Complaint through the date notice is mailed to the

20    class;" "[a]ll former hourly paid employees of Urban Outfitters, Inc. in California whose

21    employment by Urban Outfitters, Inc. ended within three years of the filing of the Complaint;"

22    and (3) "[a]ll current and former hourly employees of Urban Outfitters, Inc. whose employment

23    with Urban Outfitters, Inc. included any period of time during the period beginning one year from

24    the date of the filing of this action through the date notice is mailed to the Class." *Id.* ¶ 20.

25    Defendant asserts that 7,955 individuals worked as hourly employees in California-based Urban

26    Outfitters stores from February 14, 2010, to present (Green Decl. at ¶ 5), 3,451 individuals

27    worked as hourly employees in California-based Urban Outfitters stores from February 14, 2013,

28    to present (*id.* ¶ 8), and 5,220 individuals were terminated or resigned from their employment at

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF REMOVAL AND REMOVAL OF
ACTION TO FEDERAL COURT    - 5 -

1   California-based Urban Outfitters stores from February 14, 2011, to February 14, 2014 (*id.* ¶ 6).

2   21.   Plaintiff alleges that Defendant failed to pay Plaintiff and the putative class

3   members minimum wages; failed to pay overtime wages; failed to pay all wages earned each pay

4   period; failed to timely pay wages owed upon termination; failed to furnish accurate itemized

5   wage statements; and engaged in unfair business practices in violation of California Business and

6   Professions Code § 17200.  Complaint, *passim*.  Plaintiff claims she and the putative class

7   members are entitled to restitution, compensatory damages, liquidated damages, statutory

8   penalties, interest, injunctive relief, attorneys' fees, costs, and other relief deemed appropriate by

9   the Court.  *Id.* at Prayer for Relief.

10   22.   In determining whether the jurisdictional amount in controversy has been satisfied,

11   courts may consider the maximum statutory penalty available.  *Chabner v. United of Omaha Life*

12   *Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000).  Plaintiff specifically requests penalties

13   permitted by Labor Code §§ 203, 218, 226, 1194, 1197.1, and California Civil Code § 3287(a).

14   **a.   Minimum Wages Claim**

15   23.   Defendant estimates that Plaintiff's claim for both straight-time wages and

16   minimum-wage penalties[1] may total $10,227,836.72.  Defendant's estimate of straight-time

17   wages—$819,486.72—is based on an estimated one hour per employee per pay period,[2] at an

18   estimated hourly wage of $9.12,[3] for an estimated workforce, at any given time, of 1,152[4] per

19   year during the three-year period.[5]

20   24.   This estimate—and particularly Defendant's application of one hour of additional

---

[1] Under California Labor Code § 1197.1, an employer who pays an employee less than the minimum fixed by an order of the Labor Commission is subject to a civil penalty of $100 for an initial violation and $250 for subsequent violations.

[2] Green Decl. ¶ 5 (providing that Urban Outfitters had bi-weekly pay periods at all relevant times, i.e., 26 pay periods per year).

[3] *Id.* ¶ 6 (providing that the average hourly rate during the three-year period was $9.12).

[4] *Id.*

[5] $9.12 x 1 hour x 26 pay periods x 3 years x 1,152 putative class members = $819,486.72.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF REMOVAL AND REMOVAL OF
ACTION TO FEDERAL COURT                      - 6 -

wages—is reasonable. First, although the highest hourly rate paid to putative class members was $24.28,[6] Defendant's calculation uses the more conservative hourly rate of $9.12. Second, in the Complaint Plaintiff states that "[a]t all times during the liability period, Plaintiff and other similarly situated hourly paid employees were systematically not paid for all time they were suffered and permitted to work because they were required to, after clocking-out, go through a 'bag check' procedure prior to leaving the store." (Complaint ¶ 16). Plaintiff also states that during the liability period, "Defendant did not pay Plaintiff and all other members of the putative class for *all time worked.*" *Id.* ¶ 17 (emphasis added). Plaintiff later states that "Defendant failed to pay Plaintiff and other members of the [putative class] *for all wages and penalties earned and to which they were entitled each pay period* on the regular payday for the pay period." *Id.* ¶ 45 (emphasis added); *see also id.* ¶¶ 30, 46 (""at all relevant times" Defendant "maintained and continues to maintain a [sic] policies and practices which result in the [putative class members] performing work for which they are not paid…requiring [putative class members] to perform various duties off-the-clock without compensation for time actually worked off-the-clock."). Thus, Defendant's estimate of one hour per pay period is, if anything, too conservative. *See Muniz v. Pilot Travel Ctrs.*, No. 07-0325, 2007 WL 1302504, at *2 (E.D. Cal. May 1, 2007) (finding that defendant need not "prove the plaintiff's claims" and assuming 100% violation rate when calculating amount in controversy); *Helm v. Alderwoods Grp., Inc.*, No. 08-1184, 2008 WL 2002511, at *5 (N.D. Cal. May 7, 2008) ("[D]efendants cannot be expected to try the case themselves for purposes of establishing jurisdiction, and then admit … that a certain number of … violations did indeed occur."); *Bryan v. Wal-Mart Stores, Inc.*, No. 08-5221, 2009 U.S. Dist. LEXIS 18555, at *10 (N.D. Cal. Feb. 23, 2009) (same); *Heejin Lim v. Helio, LLC*, No. 11-9183, 2012 U.S. Dist. LEXIS 12871, at *9 (C.D. Cal. Feb. 2, 2012) ("Defendants effectively would be required to concede liability were the Court to require a stronger showing….").

25.     Defendant's estimate of minimum wage penalties—$9,408,350.00—is based on 39,704 paychecks having been issued within the one-year statutory period to 3,451 putative class

---

[6] Green Decl. ¶ 5.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF REMOVAL AND REMOVAL OF
ACTION TO FEDERAL COURT                    - 7 -

members[7] and a $100 penalty for all initial violations and a $250 penalty for all subsequent violations.[8]

### b. Overtime Claim

26.    Defendant estimates that Plaintiff's claims for overtime could total $1,229,230.08. This figure is based on an estimated one hour of overtime per pay period at an estimated overtime rate of $13.68 (150% of the average regular hourly rate) for an estimated workforce, at any given time, of 1,152 employees during the applicable three-year period.[9]  For the reasons explained in paragraph 24, this estimate is reasonable.

### c. Pay Day Violations

27.    Labor Code § 204 provides as follows:

All wages . . . are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

Should a violation occur, employers are liable in the amount of $100 for initial violations and $200, plus 25% of the amount unlawfully withheld, for subsequent, willful, or intentional violations. Cal. Lab. Code § 210.

28.    Here, based on 39,704 paychecks having been issued to 3,451 putative class members during the one-year statutory period and the more conservative initial violation penalty of $100 applied for all violations, Plaintiff has placed at least $3,970,400 in controversy.[10]

29.    This calculation—including application of one violation per pay period—is reasonable in light of Plaintiff's own allegations, including those described above. *See e.g.,*

---

[7] *Id.* ¶ 7.

[8] ($250 penalty x 39,704 paychecks) – ($150 x 3,451 putative class members) = $9,408,350.00.

[9] $13.68 x 1 hour x 26 pay periods x 3 years x 1,152 putative class members = $1,229,230.08.

[10] 39,704 paychecks x $100 = $3,970,400 .00.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF REMOVAL AND REMOVAL OF
ACTION TO FEDERAL COURT                                        - 8 -

1    Complaint ¶ 16 (alleging that "Plaintiff and other similarly situated hourly paid employees were

2    systematically not paid for all time they were suffered and permitted to work because they were

3    required to, after clocking-out, go through a 'bag check' procedure prior to leaving the store.");

4    *id.* ¶ 17 (providing that, "Defendant, in not paying for the time needed to conduct the "bag check"

5    procedure engaged in the rounding of hours for payment to Plaintiff and all other members of the

6    putative class, and therefore systematically reduced the time worked by Plaintiff and all other

7    members of the putative class."); *id.* ¶ 46 (alleging that "within the applicable limitations period,

8    Defendant maintained and continues to maintain a policy or practice of requiring members of the

9    Unpaid Wages Class to perform various duties off-the-clock without compensation for time

10   actually worked off-the-clock."); *id.* ¶ 45 (alleging that "Defendant failed to pay Plaintiff and

11   other members of the Unpaid Wages Class for all wages and penalties earned and to which they

12   were entitled each pay period on the regular payday for the pay period"); *see also Quintana v.*

13   *Claire's Stores, Inc.*, 2013 WL 1736671, *5-7 (N.D. Cal. Apr. 22, 2013) (denying motion to

14   remand and finding defendant's calculations as to waiting time penalties reasonable where

15   defendant "assume[d] one violation per employee per pay period").  The calculation is also

16   conservative in light of Defendant's application of only the initial violation penalty of $100 for all

17   violations, including subsequent violations.

18           **d.**     **Waiting Time Penalties Claim**

19       30.      Under the Labor Code, employers must timely pay employees who are discharged

20   or quit, otherwise, the wages of the employees shall continue as a penalty from the due date until

21   paid, with a maximum penalty period of 30 days.  Cal. Lab. Code §§ 201, 203.

22       31.      Defendant estimates waiting time penalties of $5,712,768.00[11] based on 5,220[12]

23   employees whose employment terminated during the three-year statute of limitations and at least

24   30 days prior to the date of removal and based on a conservative four-hour day at an estimated

25

26

27               [11] $9.12 x 4 hours x 30 days x 5,220 putative class members = $5,712,768.00.

28               [12] *See* Green Decl. ¶ 6.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF REMOVAL AND REMOVAL OF
ACTION TO FEDERAL COURT    - 9 -

average hourly wage of $9.12.[13]  This calculation is reasonable—and particularly Defendants application of a 30-day period—in light of Plaintiff's claim that she these employees "did not receive all money owed them at the time their employment with Defendant ceased *and they still have not received such pay.*"  Complaint ¶ 18 (emphasis added).

### e.   Wage Statement Claim

32.   California Labor Code § 226 requires employers to provide complete and accurate wage statements to its employees.  Employers are liable to employees for each pay period in which they fail to provide compliant wage statements, with a penalty of $50 for the initial violation and $100 for each subsequent violation, not to exceed $4,000 per employee.  Cal. Lab. Code § 226.

33.   Using a figure of 39,704 paychecks within the one-year statutory period, 3,451 putative class members, a $50 penalty for the first wage statement violation and a $100 penalty for all subsequent violations, Defendant estimates this claim may total $3,797,850.00.[14]

### f.   Attorneys' Fees

34.   Based on the figures above, which represent Defendant's best assessment of Plaintiff's claims based on the allegations in the Complaint, the total amount of relief sought by Plaintiff, exclusive of interest, costs, and attorneys' fees, is approximately $24,938,084.80. Because the Court is to consider attorneys' fees when assessing whether a complaint meets the amount in controversy requirement (*Goldberg v. C.P.C. Int'l, Inc.,* 678 F.2d 1365, 1367 (9th Cir. 1982)), and because attorneys' fees in a class action case of this size may exceed one fourth of the class recovery, Defendant estimates that an additional $6,234,521.20 is in controversy.[15] Altogether, Plaintiff has placed $31,172,606.00 in controversy.

//

//

---

[13] *See id.*

[14] ($100 penalty x 39,704 paychecks) – ($50 x 3,451 putative class members) = $3,797,850.00.

[15] $24,938,084.80 x 0.25 = $6,234,521.20

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF REMOVAL AND REMOVAL OF
ACTION TO FEDERAL COURT

- 10 -

| | |
|---|---|
| Unpaid Minimum Wage Damages and Penalties | $10,227,836.72 |
| Unpaid Overtime Damages | $1,229,230.08 |
| Pay Day Penalties | $3,970,400.00 |
| Waiting Time Penalties | $5,712,768.00 |
| Wage Statement Penalties | $3,797,850.00 |
| **Damages and Penalties Subtotal** | **$24,938,084.80** |
| Attorneys' Fee Award | $6,234,521.20 |
| **TOTAL AMOUNT IN CONTROVERSY** | **$31,172,606.00** |

35.     Thus, although Defendant denies any liability to Plaintiff or the putative class and denies that any such class could properly be certified under Federal Rule of Civil Procedure 23, as set forth above, the alleged aggregate amount in controversy in this class action exceeds $5 million, exclusive of interest and costs.  *See* 28 U.S.C. § 1332 (d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

**V.**

**OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

36.     Defendant has complied with 28 U.S.C. §§ 1446(a) and (d).  Under 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders on file in state court or served on Defendant in the state court are provided as Exhibit A.

37.     Pursuant to 28 U.S.C. § 1446(d), a notice of filing of removal (with a copy of this notice of removal) will be promptly filed with the clerk of the Superior Court of California, County of Los Angeles, Case No. BC-536316, and will be promptly served on Plaintiff's counsel of record.

38.     By removing the action to this Court, Defendant does not waive any defenses, objections, or motions available to it under state or federal law.  Defendant expressly reserves the right to require that the claims of Plaintiff and all members of the putative class be decided on an

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF REMOVAL AND REMOVAL OF
ACTION TO FEDERAL COURT

- 11 -

1  individual basis.

2      WHEREFORE, Defendant respectfully removes this action from the Superior Court of the

3  State of California for the County of Los Angeles to the United States District Court for the

4  Central District of California, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1453.

5

6  Dated: March 24, 2014                    DRINKER BIDDLE & REATH LLP

7

8                                      By: _____

9                                          Cheryl D. Orr
                                           Jaime D. Walter

10                                     Attorneys for Defendant
                                       URBAN OUTFITTERS, INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF REMOVAL AND REMOVAL OF          - 12 -
ACTION TO FEDERAL COURT

# EXHIBIT A

1 | Ari E. Moss, Esq. (SBN 238579)
LAW OFFICES OF ARI MOSS
2 | 15300 Ventura Boulevard, Suite 207
Sherman Oaks, California 91403
3 | Telephone: (310) 982-2984

*A6024*
*9C012*

**FILED**
Superior Court of California
County of Los Angeles

4 | Attorneys for Plaintiff Zayda Santizo

**FEB 14 2014**

Sherri R. Carter, Executive Officer/Clerk

By _Myrna Beltran_ Deputy
Myrna Beltran

7 | D·323   ELIHU BERLE

8 | **SUPERIOR COURT OF CALIFORNIA**

9 | **COUNTY OF LOS ANGELES**

10 | ZAYDA SANTIZO, individually and on behalf of other persons similarly situated,

Case No.:   **BC536316**

Plaintiff,

**CLASS ACTION**

vs.

**COMPLAINT FOR DAMAGES**

URBAN OUTFITTERS, INC., and DOES 1-50,

Defendants.

1.   **FAILURE TO PAY MINIMUM WAGES**
2.   **FAILURE TO PAY OVERTIME WAGES**
3.   **FAILURE TO PAY ALL WAGES EARNED DURING EACH PAY PERIOD**
4.   **FAILURE TO PAY TIMELY WAGES UPON CESSATION OF EMPLOYMENT**
5.   **FAILURE TO FURNISH ACCURATE WAGE STATEMENTS**
6.   **UNFAIR COMPETITION (Bus. & Prof Code. §§ 17200 et seq.)**

**DEMAND FOR JURY TRIAL**

Plaintiff ZAYDA SANTIZO ("Plaintiff") on behalf of herself, and all others similarly situated, complains and alleges as follows:

**INTRODUCTION**

1.     This is a class action lawsuit, under Code of Civil Procedure § 382, seeking unpaid wages, and interest thereon for off-the-clock work, waiting time penalties in the form of continuation wages for failure to timely pay employees, wage penalties, injunctive relief and

**SECOND AMENDED CLASS ACTION COMPLAINT**

other equitable relief, reasonable attorneys' fees and costs, brought on behalf of Plaintiff and others similarly situated.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action under Article 6 of the California Constitution and California Code of Civil Procedure § 410.10.

3.     This Court has jurisdiction over Plaintiff's and Class Members' claims for unpaid minimum wages and overtime under California Labor Code § 1194, as well as waiting time penalties under Labor Code §§ 203 and 218.

4.     This Court has jurisdiction over Plaintiff's and the Class Members' claims for injunctive relief, and restitution of unpaid wages and other ill-gotten benefits arising from Defendant's unlawful and/or unfair business practices under California Business & Professions Code §§17200 *et seq.*

5.     Venue is proper in this judicial district, pursuant to California Code of Civil Procedure § 395.5 because the acts, conduct, omissions, and events alleged herein, occurred in part as to a large portion of the class members in Los Angeles County.

## PARTIES

6.     Plaintiff ZAYDA SANTIZO is a California resident.  At times relevant hereto, Plaintiff was employed by Defendants on an hourly basis as a non-exempt employee (designated herein as "hourly employee") at one of Defendant's location in Los Angeles County, California. Plaintiff is no longer an employee of Defendant and was last employed by Defendant within all applicable statutes of limitations to the Complaint.

7.     Plaintiff appears in this action on behalf of herself and on behalf of all others similarly situated.

8.     Defendant URBAN OUTFITTERS, INC. ("URBAN OUTFITTERS") is a California corporation with its Los Angeles County location in California.   URBAN OUTFITTERS  is  a  retail  clothing  chain  operating  under  multiple  names  including

2

1  Anthropologie, Free People, Terrain, and BHLDN at multiple locations in California and
2  specifically within Los Angeles County.

3      9.     Plaintiff is informed an believes that DOES 1 through 50 are corporations,
4  individuals, limited liability partnerships, limited liability companies, general partnerships, sole
5  proprietorships or are other business entities or organizations of a nature not currently known to
6  Defendant.

7      10.    Plaintiff is unaware of the true names of Defendants DOES 1 through 50.
8  Plaintiff sues said defendants by said fictitious name, and will amend this complaint when the
9  true names and capacities are ascertained or when such facts pertaining to liability are
10  ascertained, or as permitted by law or by the Court. Plaintiff is informed and believes that each
11  of the fictitiously named Defendants is in some manner responsible for the events and allegations
12  set forth in this complaint.

13     11.    Plaintiff is informed and believes, and based thereon alleges that at all relevant
14  times, each Defendant was an employer, was the principal, agent, partner, joint venture, officer,
15  director, controlling shareholder, subsidiary affiliate, parent corporation, successor in interest
16  and/or predecessor in interest of some or all of the other Defendants, and was engaged with
17  some or all of the other Defendants in a joint enterprise for profit and bore such other
18  relationships to some or all of the other Defendants so as to be liable for their conduct with
19  respect to the matters alleged in this complaint. Plaintiff is further informed and believes and
20  thereon alleges that each Defendant acted pursuant to and within the scope of the relationships
21  alleged above, and that at all relevant times, each Defendant knew or should have known about,
22  authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other
23  Defendants. As used in this complaint "Defendant" means "Defendants and each of them," and
24  refers to the Defendants named in the particular cause of action, including URBAN
25  OUTFITTERS, INC., and DOES 1 through 50.

26     12.    At all times mentioned herein, each Defendant was the co-conspirator, agent,
27  servant, employee, and/or joint venture of each of the other Defendants and was acting within the
28  course and scope of said conspiracy, agency, employment, and/or joint venture and with the

3

1   permission and consent and knowledge of each of the other Defendants.

2        13.    Plaintiff makes the allegations in this complaint without any admission that, as to

3   any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading, and

4   Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

6               **FACTS COMMON TO CAUSES OF ACTION**

7        14.    Defendant operates in Los Angeles County, California.

8        15.    At times during the liability period, Defendant employed Plaintiff and other

9   similarly situated current and former hourly employees at its locations in California.

10        16.    At all times during the liability period, Plaintiff and other similarly situated hourly

11   paid employees were systematically not paid for all time they were suffered and permitted to

12   work because they were required to, after clocking-out, go through a "bag check" procedure

13   prior to leaving the store.

14        17.    During the liability period, Defendant did not pay Plaintiff and all other members

15   of the putative class for all time worked.  Plaintiff and all other members of the putative class,

16   per Defendant's policies, utilized timekeeping system to record time worked.  Defendant, in not

17   paying for the time needed to conduct the "bag check" procedure engaged in the rounding of

18   hours for payment to Plaintiff and all other members of the putative class, and therefore

19   systematically reduced the time worked by Plaintiff and all other members of the putative class.

20   These actions mean that Defendant cut time from the recorded hours worked by Plaintiff and all

21   other members of the putative class.  Defendant's time reduction practice reduced pay to Plaintiff

22   and all other members of the putative class for the benefit of Defendant's profits.  Plaintiff is

23   informed and believes that on days during which she and fellow members of the putative class

24   worked eight hours on-the-clock, the time for the "bag check" procedure is counted as unpaid

25   overtime.

26        18.    At all times during the liability period, Plaintiff and those other similarly situated

27   hourly paid employees who no longer work for Defendant did not receive all money owed them

28   at the time their employment with Defendant ceased and they still have not received such pay.

4

19.    At all times during the liability period, as a result of the off-the-clock "bag check" procedure Plaintiff and the putative class did not receive paystubs that reflect all hours worked and all money earned.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

20.    Plaintiff brings this action on behalf of herself, on behalf of all others similarly situated, and on behalf of the General Public, and as a member of classes defined as follows:

> **Unpaid Wages Class:  All current and former hourly paid employees of Urban Outfitters, Inc. in California at any time beginning four (4) years prior to the filing of the Complaint through the date notice is mailed to the class.**

> **Waiting Time Penalty Class:    All former hourly paid employees of Urban Outfitters, Inc. in California whose employment by Urban Outfitters, Inc. ended within three years of the filing of the Complaint.**

> **Paystub Class:  All current and former hourly employees of Urban Outfitters, Inc. whose employment with Urban Outfitters, Inc. included any period of time during the period beginning one year from the date of the filing of this action through the date notice if mailed to the Class.**

21.    This action has been brought and may be properly maintained as a class action pursuant to the provisions of California Code of Civil Procedure § 382 and other applicable law.

22.    **Numerosity of the Classes:** Members of the Classes are so numerous that their individual joinder is impracticable.  Plaintiff estimates that there are no less than 400 persons in the Unpaid Wages Class and no less than 200 employees in the Waiting Time Penalty and Paystub Classes.  The precise number of Class members and their addresses are unknown to Plaintiff.  However, Plaintiff is informed and believes that the number can be obtained from Defendant's records.  Class members may be notified of the pendency of this action by conventional mail, electronic mail, the Internet, or published notice.

23.    **Existence of Predominance of Common Questions of Fact and Law:** Common questions of law and fact exist as to all members of the Class.  These questions predominate over any questions effecting only individual members of the class.  These common factual and legal questions include:

**CLASS ACTION COMPLAINT**

(a) Whether Defendant failed to pay members of the Unpaid Wages Class for all time worked by suffering and permitting them to perform work for which they were not paid;

(b) Whether Defendant failed to pay minimum wages as required by the law for all hours worked;

(c) Whether Defendant failed to provide members of the Waiting Time Penalty Class all wages owed at the time of the cessation of the employee-employer relationship;

(d) Whether Defendant's alleged failure to pay for all time work gives rise to liquidated damages;

(e) Whether Defendant failed to state wages earned pursuant to Labor Code § 226.7(b) on paystubs issued to members of the Paystub Class;

(f) Whether Defendant's failure to pay for all hours worked was willful and entitles Plaintiff and the members of the Waiting Time Penalty Class wage penalties under Labor Code § 203;

(g) Whether Defendants committed unlawful business practices or acts within the meaning of Business & Professions Code §§ 17200 *et seq.*;

(h) Whether the payroll system used by Defendant improperly rounded time; and/or failed to pay for all work time;

(i) Whether, as a consequence of Defendant's unlawful conduct, the respective Class members are entitled to restitution, and/or other equitable relief;

(j) Whether, as a consequence of Defendant's unlawful conduct, the paystubs provided by Defendant were compliant with California law;

(k) Whether, as a consequence of Defendant's unlawful conduct, including providing non-compliant paystubs gives rise to penalties;

(l) Whether Defendant's affirmative defenses, if any, raise any common issues of law or fact as to Plaintiff and the Class members as a whole.

24.   **Typicality:**  Plaintiff's claims are typical of the claims of the members of the

6

1   respective Classes because Plaintiff, as an hourly paid employee, she was exposed to the same

2   unlawful business practices as the members of the respective classes.  Plaintiff sustained the

3   same types of injuries and losses that the class members sustained.  Plaintiff is subject to the

4   same affirmative defenses as the members of the classes.

5       25.   **Adequacy:**  Plaintiff will adequately and fairly protect the interests of the

6   members each of the Classes.  Plaintiff has no interest adverse to the interests of absent Class

7   members.  Plaintiff is represented by legal counsel who has substantial class action experience in

8   civil litigation and employment law.

9       26.   **Superiority:**  A class action is superior to other available means for fair and

10  efficient adjudication of the claims of the Classes and would be beneficial for the parties and the

11  court.  Class action treatment will allow a large number of similarly situated persons to prosecute

12  their common claims in a single forum, simultaneously, efficiently, and without the unnecessary

13  duplication of effort and expense that numerous individual actions would require.  The monetary

14  amounts due to many individual class members are likely to be relatively small, and the burden

15  and expense of individual litigation would make it difficult or impossible for individual members

16  of each Class to seek and obtain relief.  A class action will serve an important public interest by

17  permitting such individuals to effectively pursue recovery of the sums owed to them.  Further,

18  class litigation prevents the potential for inconsistent or contradictory judgments raised by

19  individual litigation.

20

21                    **FIRST CAUSE OF ACTION**
                      **FAILURE TO PAY MINIMUM WAGES**
22        **(By Plaintiff and the Unpaid Wages Class against Defendants)**

23      27.   Plaintiff incorporates paragraphs 1 through 27 of this complaint as though fully

24  alleged herein.

25      28.   At all relevant times, Plaintiff and the other members of the Unpaid Wages Class

26  were employees of Defendant covered by Labor Code Section 1197 and the applicable Wage

27  Order of the Industrial Welfare Commission.

28      29.   Pursuant to Labor Code Section 1197 and the applicable IWC Wage Order

                                    7

1   Plaintiff and the other members of the Unpaid Wages Class were entitled to receive minimum

2   wages for all hours worked.

3       30.    Defendant failed to pay Plaintiff and other members of the Unpaid Wages Class

4   minimum wages for all hours worked in violation of Labor Code Section 1197 and the applicable

5   IWC Wage Order.  Plaintiff is informed and believes and thereon alleges that at all relevant

6   times within the applicable limitations period, Defendant maintained and continues to maintain a

7   policies and practices which result in the members of the Unpaid Wages Class performing work

8   for which they are not paid.

9       31.    Plaintiff is informed and believes and based thereon alleges that the unlawful

10   practices of Defendant included, but are not limited to, shaving or rounding time from the hours

11   worked by Plaintiff and the members of the Unpaid Wages Class resulting in the underpayment

12   of wages owed to Plaintiff and the members of the Unpaid Wages Class.  When Defendant paid

13   Plaintiff and the members of the Unpaid Wages Class, the payment calculated did not

14   incorporate all time worked and recorded by Plaintiff and the members of the Unpaid Wages

15   Class.

16       32.    As a result of Defendant's unlawful conduct, Plaintiff and other members of the

17   Unpaid Wages Class have suffered damages in an amount, subject to proof, to the extent they

18   were not paid minimum wages for all hours actually worked.

19       33.    Pursuant to Labor Code Sections 1194 and 1194.2, Plaintiff and other members of

20   the Unpaid Wages Class are entitled to recover the full amount of unpaid minimum wages,

21   prejudgment interest, liquidated damages, reasonable attorneys' fees and costs of suit.

22

23                    **SECOND CAUSE OF ACTION**
             **FAILURE TO PAY OVERTIME WAGES**

24        **(By Plaintiff and the Unpaid Wages Class against Defendants)**

25       34.    Plaintiff incorporates paragraphs 1 through 34 of this complaint as though fully

26   alleged herein.

27       35.    At all relevant times, Plaintiff and the other members of the Unpaid Wages Class

28   were employees of Defendant covered by Labor Code Section 510 and the applicable wage order

1  of the Industrial Welfare Commission.

2      36.    Pursuant to Labor Code Section 510 and the applicable IWC Wage Order,

3  Plaintiff and the other members of the Unpaid Wages Class were entitled to overtime wages

4  payable at the rate of at least one and one-half times their regular rate of pay for all work in

5  excess of eight hours in one workday a, or in excess of forty hours in one workweek, and payable

6  at the rate of at least twice the regular rate of pay for all work in excess of twelve hours in one

7  workday or on the seventh consecutive day of work.  Plaintiff and the other members of the

8  Unpaid Wages Class were entitled to overtime pay for all hours they worked in excess of eight

9  hours per day on days when they worked less than ten hours in a day but in excess of eight hours

10 in that same day.

11     37.    Plaintiff is informed and believes that on days when she and other members of the

12 Unpaid Wages Class worked in excess of eight hours but less than ten hours in a regularly

13 scheduled work day, Defendant failed to compensate in a manner that would relieve Defendant

14 of the obligation to pay overtime for all time Plaintiff and other members of the Unpaid Wages

15 Class were suffered and permitted to work in excess of eight hours on said day.

16     38.    Defendant failed to pay Plaintiff and other members of the Unpaid Wages Class

17 for all overtime owed in accordance with Labor Code Section 510 and the applicable IWC Wage

18 Order.

19     39.    As a result of Defendant's unlawful conduct, Plaintiff and other members of the

20 Unpaid Wages Class have suffered damages in an amount, subject to proof, to the extent they

21 were not paid for all overtime wages earned.

22     40.    Pursuant to Labor Code Section 1194, Plaintiff and other members of the Unpaid

23 Wages Class are entitled to recover the full amount of their unpaid overtime wages, prejudgment

24 interest, reasonable attorneys' fees and costs of suit.

25              **THIRD CAUSE OF ACTION**
        **FAILURE TO PAY ALL WAGES EARNED EACH PAY PERIOD**
26        **(By Plaintiff and the Unpaid Wages Class Against Defendants)**

27     41.    Plaintiff incorporates paragraphs 1 through 41 of this complaint as though fully

28 alleged herein.

9

42.     At all relevant times, Plaintiff and the other members of the Unpaid Wages Class were employees of Defendant covered by Labor Code § 204.

43.     Pursuant to Labor Code § 204, Plaintiff and the other members of the Unpaid Wages Class were entitled to receive on regular paydays all wages earned for the pay period corresponding to the payday.

44.     Pursuant to Labor Code § 204, Plaintiff and the other members of the Unpaid Wages Class were entitled to receive on all regular pay days all wages to which they were entitled on regular paydays .

45.     Defendant failed to pay Plaintiff and other members of the Unpaid Wages Class for all wages and penalties earned and to which they were entitled each pay period on the regular payday for the pay period.

46.     Plaintiff is informed and believes and thereon alleges that at all relevant times within the applicable limitations period, Defendant maintained and continues to maintain a policy or practice of requiring members of the Unpaid Wages Class to perform various duties off-the-clock without compensation for time actually worked off-the-clock. As a result of Defendant's unlawful conduct, Plaintiff and members of the Unpaid Wages Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned during each pay period.

47.     Pursuant to Labor Code Sections 218, 218.5 and 218.6, Plaintiff and members of the Unpaid Wages Class are entitled to recover the full amount of their unpaid wages, prejudgment interest, reasonable attorneys' fees and costs of suit.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PAY WAGES TIMELY UPON CESSATION OF EMPLOYMENT**
**(By Plaintiffs and the Waiting Time Penalty Class against Defendants)**

48.     Plaintiff incorporates paragraphs 1 through 48 of this complaint as though fully alleged herein.

49.     At all relevant times, Plaintiff and the other members of the Waiting Time Penalty Class were employees of Defendant covered by Labor Code Section 201 or 202.

10

50.     Pursuant to Labor Code Sections 201 or 202, Plaintiff and other members of the Waiting Time Penalty Class were entitled upon cessation of employment with Defendant to timely payment of all wages earned and unpaid prior to termination.   Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

51.     Defendant failed to pay Plaintiff and other members of the Waiting Time Penalty Class all wages earned and unpaid prior to termination timely in accordance with Labor Code Section 201 or 202.  Plaintiff is informed and believes and thereon alleges that by failing to pay for all work time, at all relevant times within the applicable limitations period, Defendant maintained and continues to maintain a policy or practice of not paying terminated employees all their final wages earned before termination, due under Labor Code Section 201 or 202.

52.     Defendant's failure to pay Plaintiff and members of the Waiting Time Penalty Class all wages earned prior to termination in accordance with Labor Code Sections 201 or 202 was willful.  Defendant had the ability to pay all wages earned by employees prior to termination in accordance with Labor Code Sections 201 or 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code Sections 201 or 202.

53.     Pursuant to Labor Code Section 201 or 202, Plaintiff and other members of the Waiting Time Penalty Class are entitled to all wages earned prior to termination that Defendant failed to pay them.

54.     Pursuant to Labor Code Section 203, Plaintiff and other members of the Waiting Time Penalty Class are entitled to continuation of their wages, from the day their earned and Unpaid Wages were due upon termination until paid, up to a maximum of 30 days.

55.     As a result of Defendant's conduct, Plaintiff and other members of the Waiting Time Penalty Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to termination.

11

56.     As a result of Defendant's conduct, Plaintiff and members of the Waiting Time Penalty Class have suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages owed under Labor Code Section 203.

57.     Pursuant to Labor Code Sections 218 and 218.5, Plaintiff and other members of the Waiting Time Penalty Class are entitled to recover the full amount of their unpaid wages, continuation wages under Labor Code Section 203, reasonable attorneys' fees and costs of suit. Pursuant to Labor Code Section 218.6 or Civil Code Section 3287(a), Plaintiff and other members of the Waiting Time Penalty Class are entitled to recover prejudgment interest on the amount of their unpaid wages and unpaid continuation wages.

## FIFTH CAUSE OF ACTION
### FAILURE TO FURNISH ITEMIZED WAGE STATEMENTS
**(By Plaintiff and the Paystub Class Against All Defendants)**

58.     Plaintiff incorporates paragraphs 1 through 58 as though fully set forth herein.

59.     Labor Code § 226(a) sets forth reporting requirements for employers when they pay wages: "Every employer shall ... at the time of each payment of wages, furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee ... (5) net wages earned ... and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Labor Code § 226(e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) per employee, and is entitled to an award of costs and reasonable attorneys' fees."

60.     Throughout the period applicable to this cause of action, Defendant knowingly and intentionally failed to furnish, and continues to knowingly and intentionally fail to furnish, to Plaintiff and other members of the Paystub Class, upon each payment of wages, itemized statements accurately showing the required information, including but not limited to the net

12

1 | and gross wages earned each pay period.

2 |       61.    Plaintiff and the other members of the Paystub Class suffered injury by these
3 | failures because, among other things, the failures led them to believe that they were being paid
4 | for all time actually worked at the correct rates, and because these wage statement failures
5 | prevented and will prevent them from determining the true amounts of wages owed to them,
6 | and caused them, and will cause them, extra work and effort to determine their true wages.

7 |       62.    Plaintiff and the other Paystub Class members are entitled to the amounts
8 | provided for in Labor Code § 226(e), plus costs of suit.

9 |       63.    Pursuant to Labor Code § § 218 and 218.5, the members of the Paystub Class
10 | are entitled to recover the penalty wages available pursuant to Labor Code § 226(e), reasonable
11 | attorneys' fees, and costs of suit.  Pursuant to Labor Code § 218.6 or Civil Code § 3287(a),
12 | Plaintiff and the other members of the Unpaid Wage Class are entitled to recover prejudgment
13 | interest on the amount of their unpaid penalty wages.

14 |

15 | **SEVENTH CAUSE OF ACTION**
**UNFAIR COMPETITION**
16 | **(By Plaintiff and the Unpaid Wages Class against Defendants)**

17 |       64.    Plaintiff incorporates paragraphs 1 through 64 of this complaint as though fully
18 | alleged herein.

19 |       65.    The unlawful conduct of Defendant alleged herein constitutes unfair competition
20 | within the meaning of Business & Professions Code §§ 17200 *et seq.*  Due to its unlawful and
21 | unfair business practices in violation of the Labor Code, Defendant has gained a competitive
22 | advantage over other comparable companies doing business in the State of California that
23 | comply with their obligations to compensate employees for all earned wages as required by law.

24 |       66.    As a result of Defendant's unfair competition as alleged herein, Plaintiff and other
25 | members of the Unpaid Wages Class have suffered injury in fact and lost money or property.
26 | Plaintiff and members of the Unpaid Wages Class have been deprived of their rights to minimum
27 | wages for all hours worked; overtime wages for all overtime hours worked; timely and accurate
28 | wage statements; and timely payment of all monies earned each pay period.

13

67.     Pursuant to Business and Professions Code § 17203, Plaintiff and other members of the Unpaid Wages Class are entitled to restitution of all wages and other monies owed and belonging to them, including interest thereon, that Defendant wrongfully withheld from them and retained for itself by means of its unlawful and unfair business practices.

68.     Pursuant to Business and Professions Code § 17203, Plaintiff and other members of the Unpaid Wages Class are entitled to an injunction to prevent the continuation of Defendant's unlawful and unfair business practices that constitute unfair competition.  Injunctive relief is warranted because Defendant continues to engage in unlawful and unfair business practices with respect to currently employed members of the Unpaid Wages Class, and such members of the Class have no adequate legal remedy for the continuing injuries that will be suffered as a result of Defendant's ongoing unlawful conduct.  Injunctive relief is the only remedy available to prevent Defendant from continuing to engage in the unlawful and unfair business practices described herein.

69.     Plaintiff and members of the Unpaid Wage Class are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself and all others similarly situated, pray for relief and judgment against Defendants as follows:

### CLASS CERTIFICATION:

1.     An order that the action be certified as a class action;

2.     An order that Plaintiff be certified as the representative of the Classes;

3.     An order that counsel for Plaintiff be confirmed as Class counsel;

### ON THE FIRST CAUSE OF ACTION:

1.     Damages for unpaid minimum wages;

2.     Prejudgment interest;

3.     Liquidated damages;

///

14

## ON THE SECOND CAUSE OF ACTION:

1. Damages for unpaid overtime wages;

2. Prejudgment interest;

## ON THE THIRD CAUSE OF ACTION:

1. Damages for Unpaid Wages earned but not paid each pay period;

2. Prejudgment interest;

## ON THE FOURTH CAUSE OF ACTION:

1. Damages for Unpaid Wages earned prior to termination of employment;

2. Damages for unpaid continuation wages owed for failing to pay all earned wages timely upon termination of employment;

3. Prejudgment interest;

## ON THE FIFTH CAUSE OF ACTION:

1. Remedies available pursuant to Labor Code § 226(e);

2. Prejudgment interest;

3. An order enjoining Defendant from engaging in the unfair and unlawful business practices described herein;

## ON THE SIXTH CAUSE OF ACTION:

1. Restitution of all Unpaid Wages and other monies owed and belonging to Class members that Defendant unlawfully withheld from them and retained for itself;

2. Prejudgment interest;

3. An order enjoining Defendant from engaging in the unfair and unlawful business practices described herein;

///
///
///
///
///
///

15

1

**ON ALL CAUSES OF ACTION:**

2      1.        Judgment in favor of Plaintiffs and the Classes and against Defendant;

3      2.        Reasonable attorneys' fees;

4      3.        Costs of suit; and

5      4.        Such other relief as the Court deems just and proper.

6

7  Dated: February 13, 2014            LAW OFFICES OF ARI MOSS

8

9                           By: _____

10                              Ari E. Moss
                            Attorneys for Plaintiff Zayda Santizo

11

**DEMAND FOR JURY TRIAL**

12      Plaintiff demands a trial by jury for herself and the Classes on all claims so triable.

13  Dated: February 13, 2014            LAW OFFICES OF ARI MOSS

14                           By: _____

15                              Ari E. Moss
                            Attorneys for Plaintiff Zayda Santizo

16

17

18

19

20

21

22

23

24

25

26

27

28

16

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Ari E. Moss (SBN 238579)
15300 Ventura Blvd., Suite 207
Sherman Oaks, CA 91403

TELEPHONE NO.: 310-982-2984         FAX NO.: 310-861-0389
ATTORNEY FOR *(Name):* Plaintiff Zayda Santizo

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

**FILED**
Superior Court of California
County of Los Angeles

FEB 14 2014

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Myrna Beltran

CASE NAME:
Zayda Santizo v. Urban Outfitters, Inc.

CASE NUMBER: BC536316

| CIVIL CASE COVER SHEET | Complex Case Designation | |
|---|---|---|
| ✓ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) |

JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
✓ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ✓ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* 6
5. This case ✓ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 13, 2014
Ari E. Moss
_____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SHORT TITLE: Santizo v. Urban Outfitters, Inc. | CASE NUMBER BC536316 |
| --- | --- |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL  10  ☐ HOURS/ ☑ DAYS

**Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):**

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: Santizo v. Urban Outfitters, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: Santizo v. Urban Outfitters, Inc. | CASE NUMBER |
|---|---|

| | A. Civil Case Cover Sheet Category No. | B. Type of Action (Check only one) | C. Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151   Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152   Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153   Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141   Sister State Judgment | 2., 9. |
| | | ☐ A6160   Abstract of Judgment | 2., 6. |
| | | ☐ A6107   Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140   Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112   Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030   Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040   Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011   Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121   Civil Harassment | 2., 3., 9. |
| | | ☐ A6123   Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124   Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190   Election Contest | 2. |
| | | ☐ A6110   Petition for Change of Name | 2., 7. |
| | | ☐ A6170   Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100   Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: Santizo v. Urban Outfitters, Inc. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☒1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>111 North Hill Street |
|---|---|
| CITY:<br>Los Angeles | STATE: CA    ZIP CODE: 90012 |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___February 13, 2014___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

1  CHERYL D. ORR (SBN 143196)
   JAIME D. WALTER (SBN 281066)
2  DRINKER BIDDLE & REATH LLP
   50 Fremont Street, 20th Floor
3  San Francisco, CA  94105-2235
   Telephone:    (415) 591-7500
4  Facsimile:    (415) 591-7510

5  Attorneys for Defendant
   URBAN OUTFITTERS, INC.

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF LOS ANGELES

10

11  ZAYDA SANTIZO, individually, and on        Case No. BC-536316
    behalf of other persons similarly situated,
12                                             **DEFENDANT URBAN OUTFITTERS,**
                    Plaintiff,                 **INC.'S ANSWER TO COMPLAINT FOR**
13                                             **DAMAGES**
              v.
14                                             Complaint Filed: February 14, 2014
    URBAN OUTFITTERS, INC., a
15  corporation; and DOES 1 through 50,

16              Defendants.

17
          Defendant Urban Outfitters, Inc. ("Defendant") hereby answers the unverified complaint
18
    filed in this action on February 14, 2014 (the "Complaint"), by plaintiff Zayda Santizo
19
    ("Plaintiff") as follows:
20
                              **GENERAL DENIAL**
21
          Pursuant to the provisions of Section 431.30, *et seq.*, of the California Code of Civil
22
    Procedure, Defendant generally denies each and every material allegation in the Complaint and
23
    specifically denies that Plaintiff has been damaged in any amount, sum, or manner whatsoever by
24
    reason of any alleged acts or omissions on the part of Defendant or its officers, directors,
25
    employees, and/or agents.
26

27

28

## AFFIRMATIVE DEFENSES

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial.  The affirmative defenses asserted herein are based on Defendant's knowledge, information, and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any affirmative defenses contained herein at any time.  Defendant reserves the right to assert additional defenses as information is gathered through discovery and investigation.  In asserting these defenses, Defendant does not allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters and does not assume the burden of proof and/or persuasion with respect to any matter as to which Plaintiff has the burden of proof or persuasion.

Subject to the preceding qualifications, Defendant alleges the following separate affirmative defenses to the Complaint.

## FIRST AFFIRMATIVE DEFENSE

### (Good Faith/Legitimate Business Reasons)

The Complaint, and each claim contained therein, fails, in whole or in part, because Defendant had a reasonable, honest, good faith belief that all acts and omissions, if any, affecting Plaintiff and the proposed class members were made by Defendant solely for legitimate, business-related reasons that were neither arbitrary, capricious, nor unlawful and were reasonably based upon the facts as Defendant understood them.  Specifically, Defendant had and has a good-faith belief that Plaintiff and the putative class members—all current or former hourly employees—were and are timely paid for all hours worked at the appropriate hourly rate.

## SECOND AFFIRMATIVE DEFENSE

### (Acts of Third Parties)

Defendant's conduct is not the sole and proximate cause of the alleged damages and losses, as the acts of third parties, included but not limited to Automatic Data Processing, Inc., also cased the alleged harm, if any.  Any damages awarded to Plaintiff and the proposed class members must be apportioned according to the respective fault and legal responsibility of all parties, persons, and entities or its agents, servants, and employees who contributed to and/or

1  caused the alleged damages, if any, according to the proof presented at the time of trial.

2  **THIRD AFFIRMATIVE DEFENSE**

3  (Claims Untimely—Laches)

4  The Complaint, and each cause of action alleged therein, fails, in whole or in part, because

5  Plaintiff and the proposed class members failed to raise these claims in a timely fashion, the delay

6  was not reasonable, Plaintiff and the putative class members did not request payment for wages

7  allegedly owed during the delay, and Defendant was prejudiced. *See Danjaq LLC v. Sony Corp.*,

8  263 F.3d 942, 950-51 (9th Cir. 2001).  For example, although Plaintiff worked at an Urban

9  Outfitters store since November 1, 2011, and alleges that Defendant underpaid her for all hours

10  worked throughout her employment, she did not notify Defendant of the alleged underpayment or

11  file this action until February 14, 2014.  As a result, Defendant has been prejudiced, as many

12  potential witnesses with information possibly relevant to Plaintiff's claims no longer work at the

13  store.

14  **FOURTH AFFIRMATIVE DEFENSE**

15  (Statutes of Limitation)

16  The claims alleged by Plaintiff and the proposed class members are barred, in whole or in

17  part, by the applicable statutes of limitations, including but not limited to California Code of Civil

18  Procedure §§ 337, 338, 339, 340 and 343 and California Business and Professions Code §17208.

19  The proposed class period is longer than the C.C.P. limitations periods that apply to putative class

20  members.

21  **FIFTH AFFIRMATIVE DEFENSE**

22  (No Penalties; Good Faith Dispute as to Wages Owed)

23  The Complaint, and each cause of action alleged therein, fails to state a claim for penalties

24  for alleged wage violations under California Labor Code because there is a good faith dispute as

25  to Defendant's obligation to pay any wages which may be found to be due.  Defendant had and

26  has a good-faith belief that Plaintiff and the putative class members—all current or former hourly

27  employees—were and are timely paid for all hours worked at the appropriate hourly rate.

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER TO COMPLAINT FOR DAMAGES

**SIXTH AFFIRMATIVE DEFENSE**

(No Penalties; No Willful, Knowledgeable, or Reckless Conduct)

The Complaint, and each cause of action alleged therein, fails to state a claim for penalties for alleged wage violations under California Labor Code because Defendant did not act willfully or with knowledge or reckless disregard as to whether its conduct violated state wage and hour laws, as Defendant had and has a good-faith belief that Plaintiff and the putative class members—all current or former hourly employees—were and are timely paid for all hours worked at the appropriate hourly rate.

**SEVENTH AFFIRMATIVE DEFENSE**

(No Knowledge, Authorization, or Ratification)

Defendant is not liable for the alleged damages to Plaintiff and the proposed class because, if any person or entity engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, such person or entity did so without the knowledge, authorization, or ratification of Defendant, as Defendant had and has a good-faith belief that Plaintiff and the putative class members—all current or former hourly employees—were and are timely paid for all hours worked at the appropriate hourly rate.

**EIGHTH AFFIRMATIVE DEFENSE**

(Failure to Comply with Employer's Directives)

The Complaint, and each cause of action alleged therein, fails, in whole or in part, because Plaintiff and the proposed class members failed to substantially comply with the directions of Defendant as required by California Labor Code § 2856, via their failure to accurately report and record all hours worked.

**NINTH AFFIRMATIVE DEFENSE**

(Benefits of Business Practice)

Defendant is not liable for any alleged violation of unfair business practices pursuant to California Business and Professions Code §17200, *et seq.*, because the benefits of Defendant's practices to Plaintiff and the proposed class members outweigh whatever particular harm or impact the practices allegedly caused them.

## TENTH AFFIRMATIVE DEFENSE

(Reasonably Avoidable Consequences)

The Complaint and each cause of action alleged therein is barred, in whole or in part, to the extent Plaintiff and the proposed class members seek recovery of damages for alleged injuries that they could reasonably have avoided, including any damages caused by the failure to properly record time.

## ELEVENTH AFFIRMATIVE DEFENSE

(Bad Faith Claim)

The Complaint, and each cause of action alleged therein, fails, in whole or in part, because this action is frivolous and brought by Plaintiff in bad faith.  Plaintiff and the putative class members failed to properly record all hours worked.  By reason of such conduct, Defendant is entitled to and intends to seek reasonable expenses, including attorneys' fees, incurred in defending this action pursuant to federal and California law.

## TWELFTH AFFIRMATIVE DEFENSE

(Payment of Wages)

The Complaint, and each cause of action alleged therein, is barred, in whole or in part, to the extent Plaintiff and the proposed class members have ever recovered in other proceedings against Defendant any monies for the wages, benefits, or other compensation at issue in this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Plaintiff and the proposed class members, with the exercise of reasonable diligence, could have mitigated the alleged monetary damages to themselves.  By consciously failing to record all hours worked, Plaintiff and the proposed class members failed to exercise such reasonable diligence and have not mitigated such alleged monetary damages.  By reason thereof, they are barred, in whole or in part, from recovering any damages from Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The causes of action alleged by Plaintiff and the proposed class members are barred, in whole or in part, by the doctrine of unclean hands because Plaintiff and the putative class consciously failed to record all hours worked. *See Levi Strauss & Co. v. Shilon*, 121 F.3d 1309, 1313 (9th Cir. 1997).

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Bona Fide Dispute)

The Complaint and each cause of action alleged therein is barred, in whole or in part, to the extent waiting time penalties are sought, as there exists a bona fide dispute as to whether further compensation is actually due to Plaintiff and/or the putative class members and, if so, as to the amount of such further compensation.  Defendant had and has a good-faith belief that Plaintiff and the putative class members—all current or former hourly employees—were and are timely paid for all hours worked at the appropriate hourly rate.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Civil Penalties Unjust, Arbitrary, Oppressive, and/or Confiscatory)

Plaintiff and the putative class members are precluded from recovering penalties in whole or in part under the applicable provisions of the law as, based upon the facts and circumstances of this case, any imposition of penalties would result in an award that is unjust, arbitrary, oppressive, and/or confiscatory because Defendant had and has a good-faith belief that Plaintiff and the putative class members—all current or former hourly employees—were and are timely paid for all hours worked at the appropriate hourly rate.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiff and the putative class members are not entitled to injunctive and/or restitutionary remedies because they have an adequate remedy at law, namely, the recovery of monetary damages.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER TO COMPLAINT FOR DAMAGES

**PRAYER**

WHEREFORE, Defendant prays as follows:

1.  That judgment be entered in favor of Defendant and against Plaintiff;

2.  That Plaintiff take nothing by her Complaint and that said Complaint be dismissed, in its entirety, with prejudice;

3.  That Defendant be awarded its costs of suit herein;

4.  That Defendant be awarded reasonable attorneys' fees as may be determined by the Court; and

5.  For such other additional relief as this Court deems just and proper.


Dated:  March 21, 2014     DRINKER BIDDLE & REATH LLP


           By: _Cheryl D. Orr_
             Cheryl D. Orr
             Jaime D. Walter

           Attorneys for Defendant
           URBAN OUTFITTERS, INC.

## PROOF OF SERVICE BY MAIL

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 50 Fremont Street, 20th Floor, San Francisco, California 94105-2235. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On March 21, 2014, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**DEFENDANT URBAN OUTFITTERS, INC.'S ANSWER TO COMPLAINT FOR DAMAGES**

in a sealed envelope, postage fully paid, addressed as follows:

**Ari E. Moss, Esq.**
**LAW OFFICES OF ARI MOSS**
**15300 Ventura Boulevard, Suite 207**
**Sherman Oaks, California 91403**
**Telephone: (310) 982-2984**

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 21, 2014, at San Francisco, California.

_Connie Gutierrez_
Connie B. Gutierrez

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

### I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ )

ZAYDA SANTIZO, individually, and on behalf of other persons similarly situated

### DEFENDANTS ( Check box if you are representing yourself ☐ )

URBAN OUTFITTERS, INC., a corporation; and DOES 1 through 50

**(b)** County of Residence of First Listed Plaintiff    Los Angeles County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Ari E. Moss
Law Offices of Ari Moss
15300 Ventura Boulevard Suite 207, Sherman Oaks, CA 91408
(310) 982-2984

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Cheryl D. Orr
Drinker Biddle & Reath LLP
50 Fremont Street, 20th Floor, San Francisco, CA 94105
(415) 591-7500

### II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

### V. REQUESTED IN COMPLAINT: JURY DEMAND: ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No     ☐ MONEY DEMANDED IN COMPLAINT: $

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Section 1332(d)

### VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/ Accommodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 448 Education | ☒ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**    Case Number:    **CV14-2245**

CV-71 (11/13)      **CIVIL COVER SHEET**      Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [X] Yes [ ] No | [X] Los Angeles | Western |
| If "no, " go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county In which the majority of PLAINTIFFS reside. | |
| [ ] Yes [X] No | [ ] Los Angeles | [ ] Los Angeles | Western |
| If "no, " go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | [ ] Riverside or San Bernardino | Eastern |
| | [ ] Other | [ ] Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of defendants reside: | [ ] | [ ] | [ ] | [ ] | [ ] | [X] |
| Indicate the location in which a majority of claims arose: | [ ] | [ ] | [ ] | [ ] | [X] | [ ] |

**C.1. Is either of the following true? If so, check the one that applies:**

[ ] 2 or more answers in Column C

[ ] only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

[ ] 2 or more answers in Column D

[ ] only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed **in this court** that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _Cheryl D. Orr_ DATE: 3/24/2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE TO PARTIES: COURT POLICY ON SETTLEMENT
### AND USE OF ALTERNATIVE DISPUTE RESOLUTION (ADR)
**Counsel are required to furnish and discuss this Notice with their clients.**

Despite the efforts of the courts to achieve a fair, timely and just outcome in all cases, litigation has become an often lengthy and expensive process. For this reason, it is this Court's policy to encourage parties to attempt to settle their disputes, whenever possible, through alternative dispute resolution (ADR).

ADR can reduce both the time it takes to resolve a case and the costs of litigation, which can be substantial. ADR options include mediation, arbitration (binding or non-binding), neutral evaluation (NE), conciliation, mini-trial and fact-finding. ADR can be either Court-directed or privately conducted.

The Court's ADR Program offers mediation through a panel of qualified and impartial attorneys who will encourage the fair, speedy and economic resolution of civil actions. Panel Mediators each have at least ten years of legal experience and are appointed by the Court. They volunteer their preparation time and the first three hours of a mediation session. This is a cost-effective way for parties to explore potential avenues of resolution.

This Court requires that counsel discuss with their clients the ADR options available and instructs them to come prepared to discuss the parties' choice of ADR option (settlement conference before a magistrate judge; Court Mediation Panel; private mediation) at the initial scheduling conference. Counsel are also required to indicate the client's choice of ADR option in advance of that conference. *See* Civil L.R. 26-1(c) and Fed.R.Civ.P. 26(f).

Clients and their counsel should carefully consider the anticipated expense of litigation, the uncertainties as to outcome, the time it will take to get to trial, the time an appeal will take if a decision is appealed, the burdens on a client's time, and the costs and expenses of litigation in relation to the amounts or stakes involved.

With more than 15,000 civil cases filed in the District in 2012, less than 1 percent actually went to trial. Most cases are settled between the parties; voluntarily dismissed; resolved through Court-directed or other forms of ADR; or dismissed by the Court as lacking in merit or for other reasons provided by law.

For more information about the Court's ADR Program, the Mediation Panel, and the profiles of mediators, visit the Court website, www.cacd.uscourts.gov, under "ADR."

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| Zayda Santizo | CASE NUMBER |
| | CV14-2245-DSF(RZx) |
| PLAINTIFF(S) | |
| v. | |
| Urban Outfitters, et al; | **NOTICE TO PARTIES OF** |
| | **COURT-DIRECTED ADR PROGRAM** |
| DEFENDANT(S) | |

**NOTICE TO PARTIES:**

It is the policy of this Court to encourage settlement of civil litigation when such is in the best interest of the parties. The Court favors any reasonable means, including alternative dispute resolution (ADR), to accomplish this goal. *See* Civil L.R. 16-15. Unless exempted by the trial judge, parties in all civil cases must participate in an ADR process before trial. *See* Civil L.R. 16-15.1.

The district judge to whom the above-referenced case has been assigned is participating in an ADR Program that presumptively directs this case to either the Court Mediation Panel or to private mediation. *See* General Order No. 11-10, §5. For more information about the Mediation Panel, visit the Court website, www.cacd.uscourts.gov, under "ADR."

Pursuant to Civil L.R. 26-1(c), counsel are directed to furnish and discuss with their clients the attached ADR Notice To Parties *before* the conference of the parties mandated by Fed.R.Civ.P. 26(f). Based upon the consultation with their clients and discussion with opposing counsel, counsel must indicate the following in their Joint 26(f) Report: 1) whether the case is best suited for mediation with a neutral from the Court Mediation Panel or private mediation; and 2) when the mediation should occur. *See* Civil L.R. 26-1(c).

At the initial scheduling conference, counsel should be fully prepared to discuss their preference for referral to the Court Mediation Panel or to private mediation and when the mediation should occur. The Court will enter an Order/Referral to ADR at or around the time of the scheduling conference.

Clerk, U. S. District Court

March 24, 2014
_____
Date

By  C. Sawyer
_____
Deputy Clerk

ADR-08 (05/13)                    NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Dale S. Fischer _____ and the assigned Magistrate Judge is _____ Ralph Zarefsky _____.

The case number on all documents filed with the Court should read as follows:

## CV14-2245-DSF(RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

March 24, 2014
_____
Date

By  C. Sawyer
_____
Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| [x] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)                    NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES